**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Civil No. 1:26-cv-171-HSO** |
| | § | **Criminal No. 1:18-cr-69-HSO-RPM-1** |
| | § | |
| **CORNELIUS MASSEY** | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
CORNELIUS MASSEY'S MOTION [76] TO VACATE UNDER 28 U.S.C. § 2255
WITHOUT AN EVIDENTIARY HEARING**

Defendant Cornelius Massey moves to vacate his conviction and sentence

under 28 U.S.C. § 2255.  *See* Mot. [76].  Having reviewed the Motion [76], the

record, and relevant law, the Court finds that, because "the files and records of the

case conclusively show that the prisoner is entitled to no relief," the Motion [76]

should be denied without an evidentiary hearing.  28 U.S.C. § 2255(b).

## I.  BACKGROUND

Pursuant to a Plea Agreement [25] with the Government, Defendant

Cornelius Massey ("Defendant" or "Massey") pled guilty on July 19, 2018, to Count

One of the Indictment [14] in this case, which charged him with violating 18 U.S.C.

§ 922(g)(3), possession of a firearm by an individual who is an "unlawful user of or

addicted to any controlled substance."  18 U.S.C. § 922(g)(3); *see* Indictment [14].

On November 30, 2018, the Court sentenced Massey to a 33-month term of

imprisonment, followed by a three-year term of supervised release, and ordered him

to pay a $5,000.00 fine and a $100.00 special assessment.  *See* J. [32].  Because

Massey did not file a direct appeal, his conviction became final on December 14,

2018, *see* Fed. R. App. P. 4(b)(1)(A)(i), and the one-year statute of limitations for filing a motion to vacate expired more than six years ago, on December 14, 2019, *see* 28 U.S.C. § 2255(f).

On August 12, 2020, Massey was released from prison and began his three-year term of supervised release. *See* Dkt. [33]. On November 29, 2022, the Court revoked Massey's supervised release because he tested positive for marijuana in violation of a mandatory condition of his release. *See* J. [51] at 1. The Court sentenced Massey to a nine-month term of imprisonment followed by a twenty-four-month term of supervised release. *See id.* at 3, 4. Once back on supervised release, Massey again violated his conditions of supervision. This time, Massey was arrested for resisting arrest after "he was found to be in a vehicle that failed to stop for law enforcement and led [the] Moss Point Police Department on a high-speed vehicle pursuit," followed by an attempt to flee on foot. J. [69] at 1. On March 13, 2025, the Court revoked Defendant's supervised release and sentenced him to a two-year term of imprisonment. *See id.* at 3. The United States Court of Appeals for the Fifth Circuit affirmed the revocation of Massey's term of supervised release on October 23, 2025. *See United States v. Massey*, No. 25-60155 (5th Cir. Oct. 23, 2025).

Now, more than six years after the statute of limitations expired for filing a motion to vacate, Massey seeks to do just that. He believes that 18 U.S.C. § 922(g)(3) is unconstitutional as applied to him and asserts that this challenge was unavailable at the time of his conviction and the Court's Judgment [32]. *See* Mot.

[76] at 4.  Massey asks the Court to vacate his sentence, release him without further opposition, or alternatively, "vacate and remand for [an] evidentiary hearing."  *Id.* at 12.  The Government opposes Massey's request.  *See* Resp. [79].

## II.  DISCUSSION

A.    Relevant Authority

Rule 4 of the Section 2255 Rules provides that upon a defendant's filing of a § 2255 motion,

> [t]he judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the Rules Governing Section 2255.  Motions under 28 U.S.C. § 2255 are governed by a one-year statute of limitations which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  "[T]he revocation of supervised release is a sentence, *see United States v. Moody*, 277 F.3d 719 (5th Cir. 2001), and is thus properly challenged in a

3

motion under 28 U.S.C. § 2255." *United States v. Morris*, No. 1:12-CR-49-LG-RHW-1, 2023 WL 8417772, at *1 (S.D. Miss. Dec. 4, 2023) (quoting *United States v. Patlan*, No. C-98-213, C-05-281, 2005 WL 1924376, at *2 (S.D. Tex. Aug. 10, 2005)). "When a criminal defendant does not file a direct appeal of his conviction, the conviction, 'becomes final on the day when the time for filing a direct appeal expires.'" *Id.* (quoting *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012)).

B.    Analysis

Massey raises no challenge to his revocation sentence. Instead, the substance of his Motion [76] appears to challenge the conviction, sentence, and Judgement [32] imposed by the Court on November 30, 2018. *See* J. [32]. Massey states that his sentence was "33 months," and that it resulted from a guilty plea he entered as to Count One of the Indictment [14], which charged him with violating 18 U.S.C. § 922(g)(3). Mot. [76] at 1; *see also* J. [32] (imposing 33-month sentence as to Count One of the Indictment [14]). As grounds for relief, he states that 18 U.S.C. § 922(g)(3) is unconstitutional as applied to him. *See* Mot. [76] at 4. But because Massey did not directly appeal his conviction or the Court's Judgment [32] and sentence, his conviction became final on December 14, 2018, *see* Fed. R. App. P. 4(b)(1)(A)(i), and the one-year statute of limitations for filing a motion to vacate expired on December 14, 2019, *see* 28 U.S.C. § 2255(f). Nonetheless, Massey contends that his Motion [76] is timely "pursuant to 2255(b), unconstitutional sentence, and conviction, rendered without jurisdiction, (2255(f)(3)) as well," Mot. [76] at 11, and that the issue of the constitutionality of § 922(g)(3) was unavailable

4

at the time of his conviction, *see id.* at 4.

1.  The Waivers in Massey's Plea Agreement

As an initial matter, Massey's Plea Agreement [25] contained several written waivers, including that he, while retaining the right to pursue a claim of ineffective assistance of counsel, expressly waived the following rights:

> a.  the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or any ground whatsoever, and
> b.  the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case . . . .

Plea Agreement [25] at 5.  Massey challenges his conviction by asserting that 18 U.S.C. § 922(g)(3) is unconstitutional as applied to him.  But, according to the Government, he waived this requested relief in the Plea Agreement [25].  *See* Resp. [79] at 2.

"A defendant may validly waive the right to collateral review under Section 2255 in a plea agreement." *United States v. Evans*, No. 2:22-CR-35-KHJ-MTP-1, 2024 WL 5168150, at *2 (S.D. Miss. Dec. 19, 2024) (citing *United States v. Crain*, 877 F.3d 637, 640 n.1 (5th Cir. 2017)), *appeal dismissed,* No. 25-60166, 2026 WL 1021831 (5th Cir. Feb. 13, 2026).  "Such waivers may bar collateral review if they are (1) knowing and voluntary and (2) apply 'to the circumstances at hand, based on the plain language of the agreement.'" *Id.* (quoting *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020)).  "A waiver 'is both knowing and voluntary if the

defendant indicates that he read and understood the agreement and the agreement contains an explicit, unambiguous waiver of" collateral review." *Id.* (quoting *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019)).

Here, Massey knowingly and voluntarily waived his right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255. At the plea hearing, the Court reviewed these waivers with Massey, and he responded under oath as follows:

> THE COURT: Do you understand that by entering into this plea agreement and pleading guilty here today, you are going to waive the right to appeal your conviction and sentence imposed in this case, or the manner in which this sentence is imposed, on any grounds whatsoever except for ineffective assistance of counsel claims. Do you understand that?
> THE DEFENDANT: Yes, sir.
> THE COURT: You are also waiving the right to contest the conviction and sentence or the manner in which the sentence is imposed in any post-conviction proceeding, including but not limited to, a motion brought under Title 18 United States Code, Section 2255, except for ineffective assistance of counsel claims. Do you understand that?
> THE DEFENDANT: Yes, sir.
> . . .
> THE COURT: Have you read each and every one of these waivers, Mr. Massey?
> THE DEFENDANT: Yes, sir.
> THE COURT: And have you discussed them with your attorney and asked him any questions you might have about them?
> THE DEFENDANT: Yes, sir.
> THE COURT: Did you understand his answers to your questions?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand what these waivers mean and what their consequences are?
> THE DEFENDANT: Yes, sir.
> THE COURT: And do you fully and completely understand and knowingly and voluntarily agree to all the waivers, along with all the other terms of the plea agreement, the plea supplement, and the agreed preliminary order of forfeiture?
> THE DEFENDANT: Yes, sir.

Digital Audio File [28] at 12:57-13:35, 14:45-15:17.

Massey's "challenge to the constitutionality of § 922(g)(3) falls within the waiver of his right to bring a § 2255 motion," *United States v. Hamilton*, No. 1:21CR88-HSO-RPM-1, 2023 WL 3099881, at *2 (S.D. Miss. Apr. 26, 2023), and he has not claimed that this waiver was not knowing or voluntary, *see* Mot. [76]. Moreover, his testimony under oath at the plea hearing "carr[ies] a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  The Court finds that Massey's waiver of the right to collateral review was knowing and voluntary.

There are three categorical exceptions which can avoid a waiver, "ineffective assistance of counsel, a sentence exceeding the statutory maximum, or an insufficient factual basis for a guilty plea," *Evans*, 2024 WL 5168150, at *2, and the Supreme Court has recently recognized that "an appeal waiver is unenforceable when it would result in a miscarriage of justice," *Hunter v. United States*, 146 S. Ct. 1702, 1713 (2026).  But this catch-all sets a high bar: "[t]he waiver may be set aside only if the sentence is marred by the kind of egregious error that would bring the judicial system into disrepute." *Id.*  Massey's waiver does not fall into any of the three enumerated categories, and he has not identified any "egregious error that would bring the judicial system into disrepute." *Id.*  Accordingly, the waiver should be enforced, and his Motion [76] should be denied for this reason alone.

2.    The Statute of Limitations

In addition to being barred by his waiver, Massey's Motion [76] should be denied because it is barred by the statute of limitations.  Because Massey filed this

7

§ 2255 motion more than six years after his conviction and sentence became final, his Motion [76] would typically be barred by one-year statute of limitations. *See* 28 U.S.C. § 2255(f)(1). But, as the Court understands Massey's Motion [76], he is arguing that under 28 U.S.C. § 2255(f)(3), new but unidentified caselaw excuses his untimely Motion [76]. *See* Mot. [76] at 11 (invoking 28 U.S.C. § 2255(f)(3)). The Government responds that because Massey "pled guilty without challenging the constitutionality of the statute, there has been no development of the issue that would entitle him to relief at this late stage," Resp. [79] at 5, and argues that the Supreme Court's recent decision in *United States v. Hemani*, 146 S. Ct. 1677 (2026), did not announce a new rule that could be asserted on collateral review, *see id.* at 5 n.2.

> Under 28 U.S.C. § 2255(f)(3) the one-year statute of limitations will run from
>
> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2255(f)(3).

But here, Defendant has not identified a change in controlling law to 18 U.S.C. § 922(g)(3), let alone a change in law made retroactively applicable to his criminal case on collateral review. Massey's Motion [76] simply states "see memorandum of law in support," but none is attached. *See* Mot. [76] at 4. Although the United States Supreme Court recently rendered an opinion invalidating 18 U.S.C. § 922(g)(3) as applied to the particular defendant in that case, it did not make that holding retroactive to cases on collateral review. *See Hemani*, 146 S. Ct. at 1694; *see also Tyler v. Cain*, 533 U.S. 656, 662-63 (2001) ("[W]e conclude that

8

'made' means 'held' and, thus, the requirement is satisfied only if this Court has held that the new rule is retroactively applicable on cases on collateral review."); *In re Sparks*, F.3d 258. 260 (5th Cir. 2011). Because 28 U.S.C. § 2255(f)(3) does not apply to Defendant's Motion [76], it is untimely as the one-year statute of limitations expired on December 14, 2019. The Motion [76] should be denied for this reason as well. *See* 28 U.S.C. § 2255(f).

3.    The Motion [76] Fails on the Merits

Finally, the Government argues that the Motion [76] should also be denied because Massey does not identify the caselaw upon which he relies, nor does he specify how 18 U.S.C. § 922(g)(3) is unconstitutional as applied to him. *See* Resp. [79] at 5-6. A belated challenge to the constitutionality of a statute as applied to him, without any explanation of how it is unconstitutional as applied to him, does not afford Massey a basis for contesting the firearm offense to which he pled guilty. And as the Supreme Court has noted, "drugs and guns can sometimes make for a dangerous mix," *Hemani*, 146 S. Ct. at 1687, and Massey has not explained how the circumstances of this case—his use of marijuana in a vehicle that contained two ski-masks, a Glock pistol, a .223 caliber rifle, and a 9mm pistol—renders 18 U.S.C. § 922(g)(3) unconstitutional as applied to him, *see* PSR [29] at 5 (filed under seal).

Massey also references his appeal to the Fifth Circuit relating to this Court's revocation of his supervised release. *See* Mot. [76] at 2; J. [69]. Although he filed his current Motion [76] within one year of the Judgment [69] of his second revocation becoming final and that Judgment [69] is a separate sentence ordinarily

9

challengeable under 28 U.S.C. § 2255, *see Morris*, 2023 WL 8417772, at \*1, the record of this case "conclusively show[s]" that he is not entitled to relief.  28 U.S.C. § 2255(b).  Massey's Motion [76] is conclusory and devoid of any factual or legal contentions supporting a challenge to his revocation Judgment [69].  Indeed, Massey's barebones Motion [76] says nothing else about that Judgment [69] and does not identify any infirmity within it.

### III.  CONCLUSION

Because the Motion [76] and record conclusively show that Defendant Cornelius Massey is entitled to no relief, the Court finds that his Motion [76] to Vacate under 28 U.S.C. § 2255, should be denied without an evidentiary hearing. *See United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (a defendant is only entitled to an evidentiary hearing on a § 2255 motion if he has presented "independent indicia of the likely merit of his allegations" (internal citations omitted)).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Cornelius Massey's Motion [76] to Vacate pursuant to 28 U.S.C. § 2255 is **DENIED** without an evidentiary hearing. The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 4th day of August, 2026.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE